UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VICTOR LOPEZ,

                              Plaintiff,

            -against-

SHARAN K. PURI, FLORAISON, INC.,
METROPOLITAN WIRELESS BK121, INC., JOHN
DOE CORPORATION 1, and JOHN DOE
DEFENDANT 1,

                              Defendant.

------------------------------------------------------------X

Docket # 20-cv-03450

# DEFENDANT METROPOLITAN WIRELESS BK121's REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

RIVKIN RADLER LLP
*Attorneys for Defendant Metropolitan Wireless BK121*
926 RXR Plaza
Uniondale, New York 11556-0926

Of Counsel:

    Kenneth A. Novikoff, Esq.

## PRELIMINARY STATEMENT

Defendant, METROPOLITAN WIRELESS BK121, ("Metropolitan"), respectfully submits this Memorandum of Law in reply to Plaintiff's opposition to, and in further support of, Metropolitan's motion for an Order[1] dismissing the claims for relief asserted against it in the Amended Complaint filed by Plaintiff, VICTOR LOPEZ, ("Plaintiff"). Succinctly, Plaintiff has provided no cogent legal analysis providing this Court with any basis to allow him to continue with his Federal and State law claims premised on his position that Metropolitan was his employer. As such, the Amended Complaint, as against Metropolitan, should be dismissed, with prejudice.

## POINT I.

### PLAINTIFF HAS PROVIDED NO COGENT LEGAL ANALYSIS SUPPORTING HIS CLAIM THAT METROPOLITAN IS A JOINT EMPLOYER UNDER EITHER FEDERAL OR NEW YORK STATE LAW

In opposition to Metropolitan's motion to dismiss, Plaintiff did not attempt to address the legal analysis provided by Metropolitan in its Memorandum of Law, or otherwise try to distinguish any of the legal authorities cited and relied upon by Metropolitan. Likewise, Plaintiff did not provide any cogent legal analysis articulating how, under any test utilized by Federal and State courts within the Second Circuit, Metropolitan, (or Choice), was his employer. Instead, Plaintiff does nothing substantively more than regurgitate the allegations in his Amended Complaint, refer to several provisions of certain agreements entered into by Metropolitan, (or Choice), and then simply posit in the most conclusory of fashion that they are enough to support a "plausibility" determination. Plaintiff's opposition is clearly insufficient to allow him to proceed with his claims.

---

[1] Although analyzed under a Rule 12(b)(6) standard, *see, Dkt. # 29,* at p. 6 [POINT I], the motion was incorrectly titled as a Rule 12(c) motion. Metropolitan respectfully asks that this Court treat its motion as a Rule 12(b)(6) motion.

1

Indeed, even those few cases arguably cited by Plaintiff for any position of substance, undermine his opposition. For example, Plaintiff cites *Chen v. 2425 Broadway Chao Rest., LLC,* 2019 U.S, Dist. LEXIS 43893, * 23 (S.D.N.Y. Mar.18, 2019), for the proposition that a plaintiff is not required to allege the *Carter* and *Zheng* factors to defeat a Rule 12(b)(6) motion. *See*, Pl. Mem. Of Law, at p. 14. First, *Chen* does not stand for that proposition.[2] Indeed, the District Court in *Chen* was addressing a summary judgment motion, not a motion to dismiss. Moreover, the District granted summary judgment to the defendants, finding that Defendant neither had operation control or direct control of Plaintiff's place of employment. *See, Chen*, at * 34.

Plaintiff also cites *Franze v. Bimbo Foods Bakeries Distrib., LLC,* 2019 U.S. Dist. LEXIS 110711 (S.D.N.Y. Jul. 2, 2019). *See*, Pl. Mem. of Law, at p. 8. First, Metropolitan struggled and ultimately failed to find within the decision the proposition advanced by Plaintiff. Second, the District Court in *Franze* was addressing a fundamentally dissimilar claim to what is asserted in this action – whether Franze was an employee or an independent contractor. *Id*., at * 15. Third, and most importantly, the District Court granted summary judgment to the defendants, because "based on the totality of the circumstances, …, the economic reality of the relationship between Plaintiffs and Bimbo is that Plaintiffs were independent contractors." *Id.*, at * 32.

Plaintiff additionally referenced *Irizarry v. Catsimatidis*, 735 F.3d 99 (2d Cir. 2013). *See*, Pl. Mem. of Law, at p. 11. In *Irizarry*, the Second Circuit, while noting it was a "close case," *id*., at 116, affirmed summary judgment in favor of Plaintiff, finding that the owner of the defendant business was an "employer" and, thus, subject to individual liability. *Id*. In so holding that "that Catsimatidis had functional control over the enterprise as a whole," *id*., the Second Circuit emphasized that:

---

[2] Even if this is a correct proposition, Plaintiff's pleadings still do not raise a plausible claim under the statutes at issue.

> [h]is involvement in the company's daily operations merits more than the symbolic or ceremonial characterization he urges us to apply. Unlike the defendant in *Wirtz,* who visited his company's facilities only a few times a year, Catsimatidis was active in running Gristede's, including contact with individual stores, employees, vendors, and customers. Catsimatidis dealt with customer complaints, in-store displays and merchandising, and the promotion of store personnel.

*Id.* Here, Plaintiff's allegations come nowhere near pleading the necessary level of functional control by Metropolitan found in *Irizarry*, which the Second Circuit nevertheless noted was still a "close case." *Id.* Indeed, to the contrary, Plaintiff concedes that "FLORAISON INC. and the Individual Defendant were in charge of running day-to-day operations at retail stores where cell phones and phone service plans were sold pursuant to the Master Dealer Agreement." *See*, Am. Comp., at 20.

## CONCLUSION

Because of Plaintiff's failure to provide any substantive analysis challenging Metropolitan's position, Metropolitan will not burden the Court with repeating herein its prior arguments and analysis. Accordingly, for the reasons set forth in its moving Memorandum of Law and accompanying submissions, Metropolitan respectfully requests that this Court dismiss, with prejudice, Plaintiff's Amended Complaint as against Metropolitan, and grant such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
      December 17, 2021

                        Yours, etc.,

                        RIVKIN RADLER LLP
                        Attorneys for Defendants
       By:   <u>Kenneth A. Novikoff</u>
                        Kenneth A. Novikoff (KAN - 0350)
                        A Member of the Firm
                        926 RXR Plaza
                        Uniondale, New York 11556-0926
                        (516) 357-3000